OPINION
{¶ 1} Defendant-appellant, Douglas S. Blake ("Blake"), appeals from the decision of the Lake County Court of Common Pleas, terminating community-control sanctions and sentencing him to two eleven-month prison sentences. We affirm the decision of the trial court.
 {¶ 2} On May 28, 2003, the Lake County Prosecutor filed an information against Blake, charging him with one count of trafficking in marijuana, a fifth-degree felony, in violation of R.C. 2929.03, with a forfeiture specification pursuant to R.C. 2925.42, and one count of aggravated possession of drugs, specifically Ecstasy, a fifth-degree felony, in violation of R.C. 2925.11.
 {¶ 3} On June 4, 2003, Blake entered written and oral guilty pleas to both charges and the accompanying forfeiture specification. The trial court accepted Blake's guilty pleas and referred the matter to the Lake County Adult Probation Department for a pre-sentence investigation report and a drug and alcohol evaluation.
 {¶ 4} On June 13, 2003, the trial court revoked bond because Blake tested positive for marijuana during the probation department's pre-sentence investigation.
 {¶ 5} On July 2, 2003, Blake appeared at his sentencing hearing, and was sentenced to three years of community control sanctions. Included as part of this sentence, the trial court ordered that Blake serve ninety days in Lake County Jail, with credit for time served, and to complete the Jail Treatment Program. Additionally, the court ordered that, upon his release from jail, Blake was to enter, participate in, and successfully complete the NorthEast Ohio Community Alternative Program ("NEOCAP") a drug and alcohol treatment program, for a period of four to six months, and follow all aftercare recommendations. Blake was also required to attend a minimum of three Alcoholics Anonymous meetings per week and obtain a sponsor. Furthermore, Blake was to have no involvement with drugs and alcohol, which was to be monitored by his submitting to periodic screenings.
 {¶ 6} On September 17, 2003, Blake entered NEOCAP. He subsequently was terminated from the program on October 1, 2003, due to his refusal to participate in his chemical dependency treatment classes. As a result, the Lake County Prosecutor filed a motion to terminate community control sanctions.
 {¶ 7} On October 8, 2003, Blake pled guilty to violating the terms of his community control sanctions by withdrawing from NEOCAP. The trial court ordered him to serve eleven months in prison for each of his two felony convictions. The trial court further ordered that each sentence be served consecutively, resulting in an aggregate prison term of twenty-two months, with credit for 111 days served.
 {¶ 8} Blake timely appealed the judgment to this court, asserting a single assignment of error:
 {¶ 9} "Defendant-Appellant's sentence was unduly harsh and against the manifest weight of the evidence."
 {¶ 10} Since Blake's sole assignment of error challenges the propriety of his sentencing, we now set forth the relevant standards of review.
 {¶ 11} Pursuant to R.C. 2953.08, this court reviews a felony sentence de novo. State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, at ¶ 68. In doing so, we conduct a meaningful review of the imposition of sentence. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08; State v.Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Thomas (Jul. 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at *10 (citation omitted).
 {¶ 12} Blake argues that the trial court abused its discretion by failing to weigh the seriousness and recidivism factors under 2929.12. Blake complains, in particular, that the trial court erred to his prejudice with respect to its findings under R.C. 2929.12(D)(3), and asserts that rather than failing to work on his drug problem, as the trial court found, he was not given an adequate opportunity to do so. This finding was actually made under R.C. 2929.12(D)(4). As these arguments are related, they will be addressed together.
 {¶ 13} Blake correctly asserts that section 2929.12, obligates a trial court to consider the seriousness and recidivism factors, as well as any aggravating or mitigating factors that may apply, prior to sentencing the defendant.
 {¶ 14} In reviewing the transcript of the sentencing hearing, the trial court found "under [s]ection 2929.12(B) that the offender acted for hire as part of an organized criminal activity in that he was packaging drugs for sale. There are no factors under 12(C). Under 2929.12(D), thecourt finds the defendant had a history of criminal convictions ordelinquency adjudications, that he has not responded favorably topreviously imposed sanctions. (Emphasis added) * * * That he has an alcohol and/or drug abuse problem to this offense and he's been given every opportunity to work on that problem and he refuses to do so. And he's before the court as a probation violator. That he has no genuine remorse [sic]. There are no factors under 12(E)."
 {¶ 15} The trial court further stated that "under 13(B)(1) the court finds that this was an organized criminal activity, again as it was an offense that involved packaging nineteen separate packets of drugs for sale. He was actively participating in the sale of drugs. After weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of sentencing and that the offender is not amenable to any available community sanction."
 {¶ 16} Thus, the record plainly indicates that the trial court considered and weighed all available factors that applied when pronouncing Blake's sentence. This court has held that "[a]lthough the trial court is required `to consider the seriousness and recidivism factors,' the court does not need to `make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15 (internal citations omitted). Here, the court went over and above what is required by the law.
 {¶ 17} We reject Blake's argument that the trial court improperly found that he did not work on his drug problem. Blake failed to avail himself of treatment. According to his pre-sentence investigation report, Blake had several previous drug-related convictions, dating back to when he was a juvenile, for drug abuse, drug paraphernalia and marijuana possession. As a result of this history, Blake had previously been ordered to attend and complete drug and alcohol classes. In the instant case, had he remained in the NEOCAP program, as the court had ordered, he would not have been sentenced to prison. Furthermore, Blake was aware from his initial sentencing hearing granting community control, that if he was sentenced to the penitentiary on this conviction, he would face the possibility of serving consecutive twelve-month terms. Since Blake was aware that his options were either to complete treatment as ordered by the court or face incarceration, and he chose to leave the NEOCAP program after two weeks, he cannot now say that he was not given adequate opportunity to address his drug problem. These arguments are without merit.
 {¶ 18} Blake additionally argues that the trial court erred by finding that the he had committed the worst form of the offense in violating his community control sanctions by wanting to switch from one treatment program to another. This argument is specious.
 {¶ 19} In making its findings that Blake had committed the worst form of the offense, the trial court stated that, "the court finds that the defendant committed the worst form of the offense [in] that he made a concerted effort to package for sale nineteen separate packages of marijuana." Thus, it is apparent that the "worst form of the offense" language has nothing to do with the offense of violating community control sanctions, but rather pertains to the underlying offense for which the community control sanctions were initially imposed. Moreover, a finding that an offender committed the worst form of the offense is only relevant when the maximum sentence is being imposed. R.C. 2929.14(C);State v. Cook, 11th Dist. No. 2003-L-009, 2004-Ohio-793, at ¶ 24; Statev. Kellum, 10th Dist. No. 03AP-711, 2004-Ohio-4037, at ¶ 8; State v.Carrabotta (May 20, 1999), 8th Dist. No. 75148, 1999 Ohio App. LEXIS 2306, at *4. R.C. 2929.14(A)(5) provides that "for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months."
 {¶ 20} In the instant case, the trial court specifically informed Blake during his initial sentencing hearing, that had it not imposed community control sanctions, it would have sentenced him to two twelve-month sentences, to be served consecutively. At that time, Blake was also informed that any violation of the conditions of his community control sanctions could result in reinstatement of a prison term. Since the trial court sentenced Blake to eleven months on each count, which is less than the statutory maximum for a fifth degree felony, its finding that Blake had committed the worst form of the offense was irrelevant to the sentence he ultimately received.
 {¶ 21} We cannot find, by clear and convincing evidence, that the record does not support the sentence or is otherwise contrary to law. Therefore, Blake's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.