OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, defendant-appellant, Jason M. Asbury, appeals the judgment of sentence in the Lake County Court of Common Pleas, sentencing him to one year in prison for Domestic Violence, and two years for Attempted Felonious Assault, to be served consecutively, for a total prison term of three years. For the following reasons, we affirm the judgment of the lower court. *Page 2 
 {¶ 2} On December 2, 2005, Asbury was indicted on three counts of Domestic Violence, in violation of R.C. 2919.25, and one count of Felonious Assault, arising from from separate physical altercations involving Asbury and his then live-in girlfriend, Tina Rolain, which took place on April 16, 2005, and June 21, 2005. On December 19, 2005, Asbury entered a plea of not guilty to all charges.
 {¶ 3} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which declared unconstitutional those provisions of Ohio's felony sentencing statutes requiring "judicial factfinding" prior to imposing a more than minimum sentence, maximum sentence, or consecutive sentences. Id. at paragraphs one and three of the syllabus.
 {¶ 4} In so holding, the Court rejected the notion of requiring a trial court to impose a presumptive minimum term of imprisonment, i.e., a minimum, concurrent term, concluding that this result was inconsistent with the legislative intent of S.B. 2. Id. at ¶¶ 88-89. Instead, the Court held that the offending provisions were severable. Id. at ¶ 97. As the Court stated, "[t]he excised portions remove only the presumptive and judicial findings that relate to `upward departures,' * * * the findings necessary to increase the potential prison penalty." Id. at ¶ 98. Based upon the judicial severance of the offending portions of the sentencing statutes, the Court concluded that judicial factfinding was no longer required "before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and that judicial factfiding was no longer "required before imposition of consecutive prison terms." Id. at ¶ 99. *Page 3 
 {¶ 5} On March 6, 2006, Asbury voluntarily withdrew his plea of not guilty, and entered a plea of guilty to one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A) and (D)(3) (Count One), and one count of Attempted Felonious Assault, a felony of the third degree, in violation of R.C. 2903.11(A)(1) and2923.02(A) (Count Two). On March 13, 2006, the trial court accepted Asbury's guilty pleas on counts one and two and entered a nolle prosequi on the remaining two counts.
 {¶ 6} On April 27, 2006, Asbury's sentencing hearing was held. The trial court ordered him to serve one year in prison for his Domestic Violence conviction and two years for his Attempted Felonious Assault conviction, to be served consecutively, for a total term of three years.
 {¶ 7} Asbury timely appealed, asserting the following assignments of error:
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 9} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity. *Page 4 
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 13} Asbury's assignments of error all challenge the retroactive application of the Ohio Supreme Court's decision in Foster to his sentencing hearing. The arguments raised in support of this position are identical to the arguments raised and rejected in prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30.
 {¶ 14} Asbury's arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} Asbury's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas, sentencing him to an aggregate term of three years for Domestic Violence and Attempted Felonious Assault, is affirmed.
COLLEEN MARY OTOOLE, J., concurs, WILLIAM M. O'NEILL, J., concurs in judgment only. *Page 1