OPINION
{¶ 1} This appeal arises from the September 12, 2006 judgment entry of the Lake County Court of Common Pleas, which sentenced appellant, Mr. Brian R. Lewis, to a three year sentence for one count of conspiracy in violation of R.C. 2923.01. For the following reasons, we affirm. *Page 2 
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} On May 15, 2006, appellant was indicted on the five foregoing charges: one count of complicity to aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1) and R.C. 2923.03(A)(2); one count of conspiracy in violation of 2923.01(A)(1); one count of conspiracy in violation of R.C. 2923.01(A)(2), and two counts of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B).
 {¶ 4} Appellant pled not guilty at his arraignment on May 19, 2006. Subsequently, on August 2, 2006, appellant withdrew his not guilty plea, and pled guilty to one charge of conspiracy, a felony of the second degree, in violation of R.C. 2923.01. A nolle prosequi was entered upon the remaining counts of the indictment. The matter was then referred to the Lake County Adult Probation Department for a presentence report, a drug and alcohol evaluation, and victim impact statements.
 {¶ 5} The case proceeded to sentencing on September 5, 2006, at which time appellant was sentenced to a definite three year term of imprisonment. Appellant timely filed an appeal of this sentence on October 12, 2006, and now raises the following four assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of appellant when it sentenced him to prison which sentence is contrary to law.
 {¶ 7} "[2.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum *Page 3 
prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum prison term."
 {¶ 10} Standard of Review Required for Sentencing
 {¶ 11} Prior to the Supreme Court of Ohio's decision in State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, appellate courts reviewed felony sentences de novo, and would not disturb a trial court's determination absent a finding, by clear and convincing evidence that the record did not support the term at issue. R.C. 2953.08(G)(2). However, in Foster, the Supreme Court explained that: "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster at ¶ 100. Furthermore, "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings thatBlakely prohibits." Id. at ¶ 102.
 {¶ 12} Therefore, post-Foster, a trial court is vested with full discretion to impose a sentence within the statutory range. Id. at ¶ 100. See State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75,2007-Ohio-130, at ¶ 9; State v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823, at ¶ 37-40; State v. Windham, 9th Dist. No. 05CA0033, *Page 4 2006-Ohio-1544, at ¶ 11-12. Thus, we review the trial court's sentence for an abuse of discretion.
 {¶ 13} An abuse of discretion is more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 14} Sentence Contrary to Law
 {¶ 15} Appellant argues in his first assignment of error that the trial court erred by sentencing him to a sentence that is contrary to law. Specifically, appellant contends that the trial court erred by sentencing him to a three year prison sentence instead of community control and, that this sentence was not supported by the evidence. Appellant argues that since he has not previously served a prison sentence he should have been sentenced to community control.
 {¶ 16} We reject this contention. When sentencing an offender, the court is to consider the purposes of felony sentences in accordance with R.C. 2929.11(A) and to determine the most effective way to comply with the purposes and principles of sentencing in accordance with R.C.2929.11(B). "The trial court possesses `broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.'" State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 42, citing State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8. *Page 5 
 {¶ 17} R.C. 2929.11 provides, in pertinent part: "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 18} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 19} Appellant was convicted for one count of conspiracy, in violation of R.C. 2923.01, which is a second degree felony. Accordingly, appellant's conviction is governed by R.C. 2929.13(D)(1), which provides in part: "for a felony of the * * * second degree * * * it ispresumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." (Emphasis added.)
 {¶ 20} Further, 2929.13(D)(2) provides: "* * * the sentencing courtmay impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the * * * second degree * * * if it makes both of the following findings: *Page 6 
 {¶ 21} "(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 22} "(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable facts under that section that indicate the offender's conduct was more serious than conduct normally constituting the offense." (Emphasis added.)
 {¶ 23} Thus, for a felony of the second degree, there is a presumption of a prison sentence, which may be anywhere within the statutory range of two to eight years. Before this presumption can be overcome, the trial court must find that community control would adequately punish the offender and protect the public from future crime and that community control would not demean the seriousness of the crime.
 {¶ 24} Although a trial court is required to consider the seriousness and recidivism factors, the court does not "`need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" Rady at ¶ 46, citing State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16. Thus, post-Foster, R.C. 2929.12 serves as a general judicial guide for every sentencing and remains valid after Foster. Id. at ¶ 47, citingFoster at ¶ 36. "Although *Page 7 
there is no mandate for judicial fact-finding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12." Id., citing State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11.
 {¶ 25} In accordance with these principles, the trial court properly sentenced appellant and found the presumption of incarceration was not overcome in this case, stating:
 {¶ 26} "The Court has considered the overriding purposes and principles set forth in the felony sentencing laws of 2929.11, * * *. In determining the most effect effective way to comply with those purposes and principles, this Court has considered all relevant factors, * * *, those factors being set forth in Revised Code Section 2929.12."
 {¶ 27} "I have also reviewed the complete record before the Court, as well as the presentence investigation report, the psychological drug and alcohol evaluation report of Dr. Rindsberg; I have also received and reviewed the recommendations of the Lake County Adult Probation Department; and I have received and reviewed two written victim impact statements, as well as heard the arguments of all participating here in the Courtroom today."
 {¶ 28} "This felony of the second degree is subject to a presumption in favor of prison * * * The Court specifically finds that the Defendant is not amenable to community control."
 {¶ 29} The court then properly reviewed the factors the court considered pursuant to R.C. 2923.12. Although appellant has not previously been incarcerated, this was only one factor that weighed in appellant's favor. In determining that the presumption of incarceration could not be overcome, the court considered the serious *Page 8 
psychological harm of both of the victims, the seriousness of organized criminal activity, appellant's lengthy misdemeanor record, his drug abuse problems, and the fact that appellant had not responded favorably to previous sanctions and rehabilitation treatments.
 {¶ 30} We cannot say that this determination is an abuse of discretion. The trial court properly considered all the statutory factors and found that the presumption of incarceration was not overcome.
 {¶ 31} Appellant's first assignment of error is without merit.
 {¶ 32} Appellant's first assignment of error is overruled.
 {¶ 33} Post-Foster Sentencing Issues
 {¶ 34} Appellant's three remaining assignments of error concern the post-Foster issues that we have dealt with in numerous prior decisions of this court. See State v. Green, 11th Dist. No. Nos. 2005-A-0069 and 2006-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-0075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 35} We also note that these same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899;State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A. 2006), 469 F.3d 1345.
 {¶ 36} Since these issues are interrelated, we will address them together. In his second and third assignments of error, appellant contends that the trial court erred by sentencing him to a more-than-minimum sentence, which for a felony of the second *Page 9 
degree is two years. R.C. 2929.14(A)(2). Appellant contends he should have been sentenced for the minimum sentence of two years, and that the court erred by imposing a sentence not based on factors found by a jury or admitted by him in violation of his statute and constitutional rights to trial by jury.
 {¶ 37} We reject this contention. As reviewed above, the court properly considered the principles and purposes of R.C. 2929.11 and the relevant factors set forth in R.C. 2929.12. The court is not bound to sentence appellant to a minimum term of two years, but may impose a sentence anywhere within the statutory range of two to eight years. "[T]he argument that more than minimum sentences may only be imposed based on additional jury findings or admission of the defendant is meaningless in the post-Foster landscape. Foster specifically grants trial courts discretion to sentence within the applicable statutory range." State v. Ashley, 11th Dist. No. 2006-L-134, 2007-Ohio-690, at ¶ 18.
 {¶ 38} Appellant's second and third assignments are without merit and are overruled.
 {¶ 39} In his fourth assignment of error, appellant contends that the more-than-minimum sentence imposed violates the due process and ex post facto clauses of the Ohio and United States Constitutions. Specifically, appellant argues that his sentence no longer complies with the sentencing statutes that were in effect when the offense was committed, that the retroactive change in sentencing criteria renders his plea involuntary since he was uninformed of his possible sentence at the time his plea was made, and that his sentence is contrary to the rule of lenity. *Page 10 
 {¶ 40} We reject these contentions. In Elswick, we determined that"Foster did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the statutory range of sentences available to trial courts for any particular degree of crime; and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296." Ashley at ¶ 16.
 {¶ 41} As applied to this case, appellant knew that a more-than-minimum sentence could be imposed by the trial court under both a pre-Foster and post-Foster sentencing scheme. Further, appellant knew that the statutory scheme was subject to judicial scrutiny and there is nothing to indicate his criminal conduct would have been affected by the sentencing change. See Rady at ¶ 16, Elswick at ¶ 25. Further, "[i]n Elswick, relying on the analysis by the court inState v. McGee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we determined that Foster did not violate the Ohio constitutional guarantee of due process, and prohibition against ex post facto laws, since it is not substantively retroactive." Ashley at ¶ 17, citing Elswick at ¶ 28-30. "This is because Foster does not impair any vested right, or any accrued substantive right of a criminal defendant, since there is no such right in a presumed sentence." Id., citing Elswick at ¶ 29. Consequently,Foster neither implicates appellant's federal or state due process rights, nor the federal or state prohibition against ex post facto laws.
 {¶ 42} Appellant also raises the issue in this assignment of error that since he has been sentenced to a more-than-minimum sentence, this sentence violates the "rule *Page 11 
of lenity". This argument also must fail. The rule of lenity provides: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Further, "[t]he rule of lenity applies only to ambiguities in criminal statutes concerning conduct which is clearly prescribed." Id. at ¶ 23, Elswick at ¶ 42.
 {¶ 43} "In Elswick, we determined that there is nothing ambiguous about R.C. 2929.14(B). Thus, the rule of lenity does not apply." Id. at ¶ 23, citing Elswick at ¶ 43. See, also, Green at ¶ 24, where we stated: "The principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Supreme Court decisions." Id. citing United States v. Johnson (2000), 529 U.S. 53, 59 ("[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.")
 {¶ 44} Thus, appellant's fourth assignment of error is without merit.
 {¶ 45} Appellant's fourth assignment of error is overruled.
 {¶ 46} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESCOTT RICE, P.J.,
ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1