OPINION
{¶ 1} Appellant, Michael A. Lloyd, appeals from the January 16, 2007 judgment entry of the Lake County Court of Common Pleas, which resentenced him post-Foster to concurrent prison terms of four years for two counts of robbery with a deadly weapon, in violation of R.C.2911.02(A)(1). For the following reasons, we affirm.
 Statement of Facts and Procedural History *Page 2 {¶ 2} Appellant's convictions for robbery arise from two separate incidents. The first incident occurred on April 19, 2005, when appellant robbed a BP station in Willoughby Hills. Brandishing a boxcutter, with his twin brother, Mark Lloyd, they managed to escape with $344.15. One week later, on April 26, 2005, appellant attempted to rob a smoke shop, Save On Cigarettes, also located in Willoughby Hills. However, the clerk managed to lock appellant in the store and call the police. Appellant was subsequently apprehended and arrested.
 {¶ 3} On June 24, 2005, appellant entered a written plea of guilty to two counts of robbery in violation of R.C. 2911.02(A)(1), felonies of the second degree. The court accepted appellant's plea, found him guilty, deferred the sentencing hearing to August 1, 2005, and referred the matter to the adult probation department for a presentence investigation. On August 11, 2005, the court issued a judgment entry that sentenced appellant to serve two concurrent four year terms of prison for the counts of robbery, and further that restitution be made to the victim in the amount of $344.15.
 {¶ 4} On September 9, 2005, appellant timely filed an appeal to this court, where we remanded for resentencing pursuant to State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, on December 12, 2006.
 {¶ 5} Accordingly, appellant was resentenced on January 8, 2007 to serve the same sentence imposed previously.
 {¶ 6} Appellant now timely appeals, raising the following five assignments of error: *Page 3 
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 12} We note that the issues contained in appellant's five assignments of error have recently been raised and rejected by this court in numerous prior decisions. See State v. Lewis, 11th Dist. 2006-L-224, 2007-Ohio-3014, State v. Schaub, 11th Dist. No. 2006-L-126,2007-Ohio-2853, State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783. *Page 4 
 {¶ 13} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio 6860; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 14} Thus, based on our prior decisions, appellant's assignments of error are without merit.
 {¶ 15} The judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1