I respectfully dissent. Although I agree with the majority that appellant's first assignment of error is without merit, I disagree with the majority with respect to the second assignment of error.
In his second assignment of error, appellant alleges that the trial court erred by resentencing him to a harsher sentence which violated his rights under the Due Process Clause of the United States and Ohio Constitutions. I agree.
Appellant's new sentence of eight years falls within the statutory range for a first degree felony. However, this writer determines the resentencing in this case to be problematic. The record shows that appellee failed to provide any reason in its request for a greater sentence. Also, although the trial court does not have to provide its reasons pursuant to Foster, the appellate court, in its de novo review of sentencing as outlined in State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, must be able to determine from the evidence in the record some need for additional or decreased time. If there is none, then the trial court's judgment is in effect arbitrary and does not comport with reason or the record, and, as such, is an abuse of discretion. State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
Foster does not stand for the concept that judges can just disregard the remaining intact provisions of the sentencing statute and do whatever they want, so long as it complies with the guidelines, when there is no evidence in the record to justify that determination. There must be some rational basis that the appellate court can look to in order to review and uphold the trial court's determination. There is no change in the record to substantiate an additional year added to appellant's sentence, and, as *Page 11 
such, we are forced to invent our own reason, which negates our ability to review and evaluate the validity of the sentence. The inability to objectively tie the record to an outcome inherently allows the trial court to unfettered, inconsistent, unpredictable and unregulated determinations which are immune from appellate review. Furthermore, it opens the system to abuse and creates the appearance of malice by the trial judge in attempting to further punish the offender for being successful on appeal. Therefore, appellant's new sentence was unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion not comporting with reason or the record directly under the Foster decision.
Thus, I believe appellant's second assignment of error is with merit.
For the foregoing reasons, I would affirm in part, reverse in part, and remand the matter to the trial court. *Page 1