OPINION
{¶ 1} Appellant, Michael L. Murray, appeals from the May 23, 2007 judgment entry of the Lake County Common Pleas Court, which sentenced him to a five year term of incarceration as a result of his probation violation. For the following reasons, we affirm.
 {¶ 2} Substantive Facts and Procedural History *Page 2 
 {¶ 3} Appellant ("Mr. Murray"), was charged with burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3) and theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1). The charges raised against Mr. Murray stem from an incident that occurred on May 5, 2006, in which Mr. Murray broke into an apartment of an acquaintance and stole several items.
 {¶ 4} Mr. Murray pled guilty, by way of information, to one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The court accepted his plea on the same day, set the matter for sentencing, and ordered a presentence investigation, victim impact statements, and a DNA sample.
 {¶ 5} On December 19, 2006, the court issued a judgment entry of Mr. Murray's sentence after holding a sentencing hearing on December 14, 2006. Mr. Murray was sentenced to five years of community control, with a period of incarceration of one hundred eighty days in the Lake County Jail, with credit for ninety-five days already served. In addition, the last thirty days of his jail term were to be spent in the jail treatment program. Following his release from jail, Mr. Murray was ordered to enter, participate, and successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP") which would take approximately four to six months to complete. In addition, Mr. Murray would be required to abstain from any alcohol and drugs, attend three AA or CA meetings per week and have a sponsor. Mr. Murray was also required to obtain his GED and full-time, gainful, legitimate employment. Lastly, he was ordered to pay restitution in the amount of $1,865 to the victim.
 {¶ 6} On April 30, 2007, an order was issued to arrest Mr. Murray for a probation violation since he had scaled a fence and escaped from the NEOCAP *Page 3 
program facilities. Subsequently, on May 2, 2007, the state filed a motion to terminate community control sanctions. A probation violation hearing was held on May 17, 2007, and the court revoked Mr. Murray's community control sanction and sentenced him to five years of imprisonment.
 {¶ 7} Mr. Murray timely appealed and raises the following assignment of error:
 {¶ 8} "The trial court erred by sentencing the defendant-appellant to more-than-the minimum term of imprisonment."
 {¶ 9} Standard of Review post-Foster
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, the Supreme Court of Ohio, in striking
 {¶ 11} down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence that is within the statutory range. State v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 24; State v. Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Taddie, 11th Dist. No. 2006-L-098, 2007-Ohio-1495, at ¶ 12; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 12} An abuse of discretion is more than an error in judgment or law; it implies attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying *Page 4 
the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 13} We recognize that although the abuse of discretion standard will govern most post-Foster sentencing appeals, there are certain, limited circumstances in which the clear and convincing standard that was left unexcised by Foster, pursuant to R.C. 2953.08(G)(2)(b), would still apply. For instance, if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C.2929.11 and the factors enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C.2953.08(G)(2)(b).
 {¶ 14} Since R.C. 2953.08(G)(2)(b) does not apply to such judicial factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. Thus, where it is to be argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of review. However, if the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point. This is because "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus.
 {¶ 15} In sum, we continue to adhere to our prior holdings in which we have applied the abuse of discretion standard of review in a post-Foster appeal where the trial court considered R.C. 2929.11 and the factors set forth in R.C. 2929.12, but *Page 5 
recognize that the clear and convincing standard of review remains viable in those very limited circumstances where it is alleged the sentence is contrary to law.
 {¶ 16} Review of Sentence
 {¶ 17} Mr. Murray contends that the court erred when it sentenced him to a five-year term of imprisonment following a finding that he violated his community control sanctions. Specifically, Mr. Murray contends that the court's findings under R.C. 2929.12 are not supported by the record. We find this contention to have no merit.
 {¶ 18} In sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." The court must also consider the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 19} "Although a trial court is required to consider the seriousness and recidivism factors, the court does not `need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" State v.Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, at ¶ 24, citingState v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 46, citing State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16. "Thus, post-Foster, R.C. 2929.12 serves as a general judicial guide for every sentencing and remains valid after Foster." Rady
at ¶ 47, citing Foster at ¶ 36. "Although there is no mandate for judicial fact-finding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12."Lewis at ¶ 24, citing State v. Mosier, 11th Dist. No. 2005-P-0100,2006-Ohio-4187, at ¶ 11. *Page 6 
 {¶ 20} In accordance with these principles, we find that the court properly considered and reviewed the purposes of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 and that the court acted within its discretion in sentencing Mr. Murray to the maximum term of imprisonment following his probation violation. A review of the record reveals that both at the time of his original sentencing, December 12, 2006, and at the time of his probation violation hearing, May 17, 2007, the court properly considered the record, oral statements made, the victim impact statement, the pre-sentence report, drug, alcohol and psychological evaluations, conferences with counsel, probation, the statements of Mr. Murray and his counsel; as well as the overriding purposes of felony sentences pursuant to R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 21} Furthermore, it is well within the court's discretion to sentence a defendant anywhere within the applicable statutory range. This argument has recently raised and rejected by this court in numerous prior decisions. See State v Lloyd, 11th Dist. No. 2007-L-029,2007-Ohio-5503, ¶ 12; State v. Lewis, 11th Dist. 2006-L-224,2007-Ohio-3104; State v. Schaub, 11th Dist. No. 2006-L-126,2007-Ohio-2853; State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson (2007), 172 Ohio App.3d 603,2007-Ohio-3849; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 22} Moreover, the court in this case specifically warned Mr. Murray that if he violated his community control sanctions he would be serving the maximum sentence for his conviction. At his original sentencing hearing, the court admonished Mr. Murray *Page 7 
after sentencing him to community control: "Any violation of this order will result in a prison term of 5 years. You understand that the prosecutor has asked that I send you to prison for 3 years. I'm giving you this opportunity to change your life. If you come back and you tell me hey, I don't want to change my life, then fine. I know where we stand. You'll go to prison for 5 years. Understood?"
 {¶ 23} At his probation violation hearing on May 17, 2007, the court sentenced Mr. Murray, stating: "I consider this violation to be one of the worst violations of a community control sanction imaginable. On this mid-level felony I gave you 5 years of community control sanctions with significant treatment to address your chemical dependency issues, unemployment and psychological issues that you might have, and for no good reason you take the extreme step of scaling the fence and escaping from a DRC lock down facility. There's no question that indicates that you don't want community control sanction. It's contemptuous, and must be dealt with severely. Accordingly, your community control sanction is terminated and you're sentenced to 5 years in prison with credit for 250 days already served. The order of restitution of $1,865.00 to the victim, * * * remains as it were."
 {¶ 24} We find no abuse of discretion in the court's determination to terminate Mr. Murray's community control and sentence him accordingly.
 {¶ 25} Mr. Murray's assignment of error is without merit.
 {¶ 26} The judgment of the Lake County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion. *Page 8