OPINION
{¶ 1} Appellant, Matthew Hubaker, appeals from his sentence imposed by the Lake County Court of Common Pleas for aggravated arson and felonious assault. For the following reasons, we affirm.
 {¶ 2} Procedural History
 {¶ 3} Appellant ("Mr. Hubaker") was indicted by the Lake County Grand Jury on five counts: aggravated arson, a first degree felony in violation of R.C. 2909.02(A)(1); arson, a fourth degree felony in violation of R.C. 2909.03(A)(1); attempted murder, a *Page 2 
felony of the first degree in violation of R.C. 2923.02; and two counts of felonious assault, one in violation of R.C. 2903.11(A)(1), the other in violation of R.C. 2903.11 (A)(2), both felonies of the second degree.
 {¶ 4} Mr. Hubaker's convictions stem from two separate incidents that occurred while he was on probation for a similar crime.[1] On September 13, 2006, Mr. Hubaker, while intoxicated, set fire to the KS Auto Body Shop. On October 18, 2006, Mr. Hubaker, while attempting to locate his drug dealer in order to purchase cocaine, broke into the next-door apartment. The victim, who was dozing in his recliner chair, was stabbed in the throat multiple times by Mr. Hubaker, who also punctured the man's abdomen. Mr. Hubaker then stole prescription medication from the man's apartment.
 {¶ 5} In conducting their investigation of these crimes, Lake County detectives received information from a family member of Mr. Hubaker, in regards to a note he authored, entitled "Confessions of a Sociopath, My Confessions." Their subsequent investigation linked Mr. Hubaker to the crimes, and he was soon apprehended.
 {¶ 6} Ultimately, on July 26, 2007, Mr. Hubaker pled guilty to one count of aggravated arson, a first degree felony in violation of R.C.2909.02(A)(1), and one count of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2). The court entered a nolle prosequi on all other counts, and the matter was referred to the Adult Probation Department for a presentence investigation.
 {¶ 7} At the sentencing hearing on August 27, 2007, the court sentenced Mr. Hubaker to a ten year term of incarceration on the count of aggravated arson and an *Page 3 
eight year consecutive term of incarceration on the count of felonious assault, for a total prison term of eighteen years.
 {¶ 8} Mr. Hubaker timely appealed and raises one assignment of error:
 {¶ 9} "The trial court erred by sentencing the defendant-appellant to more-than-the-minimum term of imprisonment."
 {¶ 10} Standard of Review Post-Foster
 {¶ 11} "In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than the minimum sentences.' Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range." State v.Lee, 11th Dist. No. 2007-G-2761, 2007-Ohio-6736, ¶ 10; State v.Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, ¶ 24; State v.Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, ¶ 9; State v.Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, ¶ 33; State v.Taddie, 11th Dist. No. 2006-L-098, 2007-Ohio-1643, ¶ 12; State v.Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, ¶ 11.
 {¶ 12} "An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." Id. at ¶ 11, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." Id., citingPons v. Ohio Med. Bd. (1993), 66 Ohio St.3d 619, 621. *Page 4 
 {¶ 13} "We recognize that although the abuse of discretion standard will govern most post-Foster sentencing appeals, there are certain, limited circumstances in which the clear and convincing standard that was left unexcised by Foster, pursuant to R.C. 2953.08(G)(2)(b), would still apply. For instance, if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C.2929.11 and the factors enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C. 2953.08(G)(2)(b)." Id. at ¶ 12.
 {¶ 14} "Since R.C. 2953.08(G)(2)(b) does not apply to such judicial factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. Thus, where it is to be argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of review. However, if the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point. This is because `[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. In sum, we continue to adhere to our prior holdings in which we have applied the abuse of discretion standard of review in a post-Foster appeal where the trial court considered R.C.2929.11 and the factors set forth in R.C. 2929.12, but recognize that the clear and convincing standard of review remains viable in those very limited circumstances where the sentence is contrary to law." Id. at ¶ 13.
 {¶ 15} Review of Sentence *Page 5 
 {¶ 16} Mr. Hubaker challenges the trial court's decision to sentence him to a consecutive eighteen year sentence for his conviction of aggravated arson and felonious assault. Mr. Hubaker was sentenced to the maximum terms on both counts. Thus, on the count of aggravated arson, a felony of the first degree, in violation of R.C. 2909.02(A)(1), he was sentenced to a ten year term, and on the count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1), he was sentenced to an eight year term. Specifically, Mr. Hubaker contends that the trial court's findings under R.C. 2929.12 are not supported by the record. We find this contention to be without merit.
 {¶ 17} "In sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.' The court must also consider the seriousness and recidivism factors under R.C. 2929.12." State v. Murray, 11th Dist. No. 2007-L-098, 2007-Ohio-6733, ¶ 18, citing R.C. 2929.11(A).
 {¶ 18} "Although a trial court is required to consider the seriousness and recidivism factors, the court does not `need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" Id. at ¶ 19, citingState v. Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, ¶ 24, citingState v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, ¶ 46, citingState v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, ¶ 16. "Thus, post-Foster, R.C. 2929.12 serves as a general judicial guide for every sentencing and remains valid after Foster." Id., quoting Rady at ¶ 47, citing Foster at ¶ 36. "Although there is no mandate for judicial fact-finding in the general guidance statutes, there is no violation if the trial *Page 6 
court makes findings with respect to R.C. 2929.12." Id., citingLewis at ¶ 24, citing State v. Mosier, 11th Dist. No. 2006-P-0100,2006-Ohio-4187, ¶ 11.
 {¶ 19} In accordance with these principles, we find that the trial court properly considered and reviewed the purposes of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. Accordingly, the court acted within its discretion in sentencing Mr. Hubaker to the maximum terms of imprisonment for aggravated arson and felonious assault.
 {¶ 20} A review of the record reveals that the court properly considered the factors enumerated in R.C. 2929.12, the presentence report, the psychological evaluation, as well as victim impact statements and the numerous letters written on behalf of Mr. Hubaker. The court also took into consideration statements made by the victims and family members who were present at the sentencing hearing, as well as Mr. Hubaker, his counsel, and the prosecuting attorney.
 {¶ 21} The court imposed consecutive maximum terms on both counts after finding that Mr. Hubaker "is an extremely dangerous person who poses a tremendous risk to our community. In determining what sentence is appropriate, the protection of this community is paramount." The court found that the random and highly violent nature of these crimes made these offenses more serious than normal. In addition, this is Mr. Hubaker's second random offense of arson. The court further determined that Mr. Hubaker was not amenable to treatment or community control sanctions as he was given that very opportunity to address those problems after his first conviction.
 {¶ 22} In finding that that the maximum terms should be imposed in this case, the court additionally noted that Mr. Hubaker's "psychological evaluation * * * quite frankly, is the most disturbing evaluation I have ever reviewed. There are no factors which *Page 7 
indicate Recidivism is less likely." Indeed, Mr. Hubaker's presentence investigation reveals he is a tortured individual with sociopathic tendencies and uncontrollable violent urges in which he has killed and tortured animals, as well as abused drugs and alcohol.
 {¶ 23} Moreover, "it is well within the court's discretion to sentence a defendant anywhere within the applicable statutory range." Mr. Hubaker's argument has recently been raised and rejected by this court in numerous prior decisions. Murray at ¶ 21. See State v. Lloyd, 11th Dist. No. 2007-L-029, 2007-Ohio-5503, ¶ 12; State v. Lewis, 11th Dist. 2006-L-224, 2007-Ohio-3014; State v. Schaub, 11th Dist. No. 2006-L-125,2007-Ohio-2853; State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson (2007), 172 Ohio App.3d 603,2007-Ohio-3849; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 24} We find no abuse of discretion in the trial court's imposition of the maximum sentence in this case in which the trial court properly determined these acts of aggravated arson and felonious assault were of a most serious and violent nature.
 {¶ 25} The judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur.
[1] On February 24, 2006, Mr. Hubaker pled guilty and was convicted by the Franklin County Common Pleas Court for arson, breaking and entering, possession of criminal tools and desecration. That conviction arose from an incident in which Mr. Hubaker broke into a church while intoxicated. He located several spray paint cans in the boiler room and threw them into the boiler, igniting the church. He subsequently pled guilty and was sentenced to five years of community control. *Page 1