OPINION
{¶ 1} Appellant, James M. Harber, appeals from the judgment entered by the Lake County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Initially, Harber pled not guilty to five counts of illegal possession of drug documents, fourth-degree felonies, in violation of R.C. 2925.23(B)(1). Harber filed a motion for intervention in lieu of conviction, which was granted by the trial court. Thereafter, Harber withdrew his former plea of not guilty and pled guilty to five counts, in *Page 2 
violation of R.C. 2925.23(B)(1). As a result, the trial court stayed all criminal proceedings, and Harber was placed under the control of the probation department for a period of one year, subject to the requirements of his intervention plan.
 {¶ 3} Harber subsequently pled guilty to violating the terms of his intervention plan. Therefore, the trial court revoked Harber's intervention in lieu of conviction and vacated its stay of the criminal proceedings. The trial court sentenced Harber to a term of six months imprisonment on each count, to run concurrent with each other, and to be served consecutive to the parole violation. Further, the trial court suspended Harber's driver's license for one year, to commence upon release from prison.
 {¶ 4} On March 18, 2008, Harber's assigned counsel filed a motion to withdraw as counsel. In addition, counsel filed an "Anders brief" asserting her belief that there are no meritorious issues to be argued on appeal and, thus, the appeal is wholly frivolous.
 {¶ 5} In Anders v. California (1967), 386 U.S. 738, the United States Supreme Court held that if appellate counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel's request to withdraw must be complemented with an appellate brief citing any portions of the record that could arguably support the appeal. Id. Further, counsel's brief is required to be served on the appellant, and the appellant is given the opportunity to raise any additional items. Id. Finally, the appellate court reviews the entire record, including the briefs submitted by counsel and the pro se appellant, and determines whether the appeal is "wholly frivolous." Id. If the court finds the appeal is "wholly frivolous," the court may grant counsel's motion to withdraw and *Page 3 
"proceed to a decision on the merits." Id. If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the indigent appellant. Id.
 {¶ 6} In her brief, counsel determined that the trial court substantially complied with the requirements of Crim. R. 11, and the "trial court did not violate any constitutional or statutory provision" when sentencing Harber. Counsel served a copy of the brief on Harber. Harber did not file a pro se brief.
 {¶ 7} "Any time a defendant enters a guilty or no contest plea, he is waiving certain statutory and constitutional rights." State v.Lausin, 11th Dist. No. 2005-A-0049, 2006-Ohio-5649, at ¶ 17, citingState v. Nero (1990), 56 Ohio St.3d 106, 108. "This waiver must be made `knowingly, intelligently, and voluntarily.'" Id., quoting State v.Nero, 56 Ohio St.3d at 108, citing State v. Stewart (1977),51 Ohio St.2d 86, 92-93.
 {¶ 8} A trial judge must follow the procedure set forth in Crim. R. 11(C) when accepting a guilty plea:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Page 4 
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} An appellate court utilizes a substantial compliance standard of review when examining a plea of guilty under Crim. R. 11. State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 12. Substantial compliance has been defined to mean that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero,56 Ohio St.3d at 108. (Citations omitted.) The Supreme Court of Ohio has ruled that there must be a showing of prejudicial effect before a guilty plea will be vacated. State v. Stewart, 51 Ohio St.2d at 93, citing Crim. R. 52(A). "The test is whether the plea would have otherwise been made." State v.Nero, 56 Ohio St.3d at 108, citing Stewart, supra, at 93.
 {¶ 14} On December 14, 2006, the trial court held a change of plea hearing, where Harber appeared with his counsel. After a review of the trial court's colloquy with Harber, we determine that he knowingly and voluntarily entered a plea to the five charges brought against him. At the change of plea hearing, the trial court explained the nature of the charges against Harber, the potential penalties of each charge, and the possibility of post-release control. After the trial court's explanation of each item, Harber indicated that he understood. Further, the trial court enumerated the constitutional rights Harber would be waiving by pleading guilty, including his right to *Page 5 
confront adverse witnesses, his right to a jury trial, his right to have the state prove the charge against him beyond a reasonable doubt, and his right not to testify. Again, Harber indicated to the trial court that he understood the rights he was waiving. In addition, Harber signed a written plea of guilty, which further demonstrated that he was aware of the rights he was waiving; that he understood the nature of the charges against him; and that he was entering his plea of guilty knowingly, voluntarily, and intelligently. After a thorough and independent review of the record, we hold that Harber's guilty plea was entered into knowingly, voluntarily, and intelligently; thus, there are no arguable legal points on the merits of this matter.
 {¶ 15} Appellant's counsel also asserts that the trial court did not violate any constitutional or statutory provision when sentencing Harber.
 {¶ 16} Pursuant to State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19, this court has held that post-Foster felony sentencing is generally reviewed for abuse of discretion. "[I]f the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point." Id. at ¶ 20. There are certain limited circumstances, however, where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law. Id. at ¶ 19-20. See, also, e.g., State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 19.
 {¶ 17} "[A]lthough a trial court is required to consider the seriousness and recidivism factors, the court does not `"need to make specific findings on the record in *Page 6 
order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Lewis, 11th Dist No. 2006-L-224, 2007-Ohio-3014, at ¶ 24. (Citations omitted.)
 {¶ 18} At the sentencing hearing in this case, the trial court stated that it had considered the presentence report, the report of Dr. Rindsberg made in regard to Harber's request for intervention in lieu of conviction, the psychological evaluation, and the oral statements made in court at the sentencing hearing. The trial court further referenced the factors it determined applicable, and stated that "[a]ll of that information has been considered in light of the purposes and principles of felony sentencing set forth in 2929.11 of the Revised Code." The trial court then discussed the factors enumerated in R.C. 2929.12. We further acknowledge that since Harber's sentence is within the statutory range, the trial court did not abuse its discretion. See R.C. 2929.14(A)(4). Accordingly, any assignment of error relating to sentencing is wholly frivolous.
 {¶ 19} After a thorough and independent review of the record, including the transcript of proceedings, the presentence investigation report, and other submissions, we find no error in this case. Thus, there are no arguable legal points on the merits of this matter. Counsel's motion to withdraw is granted, and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1