OPINION
{¶ 1} Appellant, Mark David Hunger, Jr., appeals from the January 16, 2007 judgment entry of the Lake County Court of Common Pleas, which resentenced him post-Foster. For the following reasons, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} Appellant ("Mr. Hunger") pled guilty and was convicted of one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2). Mr. Hunger's conviction stems from an altercation that occurred with his ex-wife's former *Page 2 
abusive lover. Upon some provocation, he drove his vehicle into a RTA bus shelter in an attempt to crash into the victim. Besides his wife's former lover, there were two other victims in this case; two women were also in the shelter waiting for the bus when the crash occurred.
 {¶ 4} Mr. Hunger was originally sentenced on November 23, 2004 to a four-year term of imprisonment on the count of felonious assault. He timely appealed to this court, where we remanded for resentencing pursuant to State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, on December 12, 2006.
 {¶ 5} Accordingly, after holding a hearing on January 8, 2007, the trial court resentenced Mr. Hunger to serve the same four-year sentence imposed previously.
 {¶ 6} Mr. Hunger now timely appeals, raising the following five assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity. *Page 3 
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 12} The arguments raised by Mr. Hunger in his assignments of error are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Lloyd, 11th Dist. No. 2007-L-029,2007-Ohio-5503; State v. Sprowls, 11th Dist. No. 2007-L-049,2007-Ohio-6408; State v. Lewis, 11th Dist. No. 2006-L-224,2007-Ohio-3014; State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853; State v. Green, 11th Dist. Nos. 2005-A-0069 and 2007-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2006-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 13} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v. Portillo-Quezada (C.A.10 2006) 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 14} Thus, based on our prior decisions, Mr. Hunger's assignments of error are without merit.
 {¶ 15} The judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1