OPINION
{¶ 1} In this case, the appellant appeals from his judgment of conviction and sentence. Appellant asserts that his sentence is clearly and convincingly contrary to law. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On December 22, 2006, in Case Number 06CR457, appellant was indicted by the Fairfield County Grand Jury on two counts of trafficking in cocaine in violation of R.C.2925.03(A)(1) and 2925.03(C)(4)(a), fifth degree felonies, one count of possession of cocaine in violation of R.C. 2925.11(A) and 2925.11(C)(4)(c), a third degree felony, and one count of possession of cocaine in violation of R.C. 2925.11(a) and2925.11(C)(4)(b), a fourth degree felony. On February 16, 2007, in Case Number 07CR068, appellant was indicted by the Fairfield County Grand Jury for one count of possession of cocaine in violation of R.C. 2925.11(A) and 2925.11(C)(4)(b), a fourth degree felony.
 {¶ 3} On March 19, 2007, the state moved to amend counts one and two of the indictment in case number 2006CR457, (the two counts of trafficking in cocaine) to the lesser included offenses of possession of cocaine in violation of R.C. 2925.11(A) and 2925.11(C)(4)(a), fifth degree felonies. The State also moved to amend count three of the indictment in Case Number 2006CR457 to the lesser included offense of possession of cocaine in violation of R.C. 2925.11(A) and2925.11(C)(4)(b), a fourth degree felony, with a presumption favoring incarceration. After the charges were amended, the appellant executed a "waiver upon guilty pleas form" and pleaded guilty *Page 3 
to the charges in Case No. 06CR457. Appellant also pleaded guilty to the one count of cocaine possession in Case No. 07CR068.
 {¶ 4} Thereafter, appellant was found guilty by the court. Appellant waived a separate sentencing hearing and was sentenced as follows: In Case Number 2007CR68, appellant was sentenced to a prison term of seven (7) months to be served consecutively to the sentence imposed in Case Number 2006CR457 with a two (2) year driver's license suspension.
 {¶ 5} In Case Number 2006CR457, as to Count one, the amended count of cocaine possession, appellant was sentenced to a prison term of nine (9) months. As to Count two, the second amended count of cocaine possession, appellant was sentenced to a prison term of nine (9) months. As to Count three, the third amended count of cocaine possession, appellant was sentenced to a prison term of fifteen (15) months. As to Count four, the indicted charge of cocaine possession appellant was sentenced to serve nine (9) months.
 {¶ 6} The court further ordered the sentences in Case Number 2006CR457 to run consecutively to each other and consecutively to the sentence in Case Number 2007CR68, for an aggregate prison sentence of forty-nine (49) months.
 {¶ 7} Appellant was further ordered to serve five (5) years of community control upon his release from incarceration and a six month driver's license suspension was imposed on each count to be served consecutively. The driver's license suspension for both cases was an aggregate license suspension of two (2) years.
 {¶ 8} The court further granted community control on counts one and two of the indictment, thereby suspending the aggregate eighteen (18) month sentence on those *Page 4 
counts and ordered the community control to begin after the twenty-four (24) months of incarceration had been served on counts three and four and the seven (7) month sentence in case number 2007CR68.
 {¶ 9} It is from this conviction and sentence that appellant seeks to appeal setting forth the following assignment of error:
 {¶ 10} "THE SENTENCES GIVEN IN COUNTS THREE AND FOUR IN 2006CR457 AND THE SINGLE COUNT IN 2007CR68 ARE CONTRARY TO LAW."
 {¶ 11} In appellant's assignment of error, he argues that the trial court's sentences on the fourth degree felony offenses in counts three and four of the amended indictment in Case Number 2006CR457 and on the fourth degree felony offense in Case Number 2007 CR 68 are contrary to law. Appellant argues that pursuant to the factors set forth in R.C. 2929.12 and 2929.13, the imposition of consecutive sentences by the trial court is not supported by clear and convincing evidence. Appellant also argues that appellant's sentence is contrary to law because the sentences are not consistent with sentences "imposed in similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 12} In his brief, appellant urges this court to apply a clear and convincing standard to appellant's consecutive sentences as set forth in R.C. 2953.08(G)(2).
 {¶ 13} R.C. 2953.08(G)(2) states in pertinent part as follows:
 {¶ 14} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. *Page 5 
 {¶ 15} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 16} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14 or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 17} "(b) That the sentence is otherwise contrary to law."
 {¶ 18} Recently in State v. Kalish, ___ Ohio St.3d, ___2008-Ohio-4912, ___ N.E.2d ___ the Ohio Supreme Court reviewed its decision in State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856,845 N.E. 2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing.
 {¶ 19} In Kalish, the Court discussed the affect of the Foster decision on felony sentencing. The Court stated that, inFoster, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Kalish at paragraphs 1 and 11, citing Foster at paragraph 100, See also,State v. Payne, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E. 2d 306. "Thus, a record after Foster may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." Kalish at paragraph 12. However, *Page 6 
although Foster eliminated mandatory judicial fact finding, it left in tact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. Kalish at paragraph 13, see also State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.[1]
 {¶ 20} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Kalish at paragraph 14.
 {¶ 21} Therefore, Kalish holds that, in reviewing felony sentences and applying Foster to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." Kalish at paragraph 4,State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470.
 {¶ 22} The Supreme Court held, in Kalish, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the *Page 7 
purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." Kalish
at paragraph 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable".Kalish at paragraph 20.
 {¶ 23} In the case sub judice, during the sentencing hearing, the State provided the trial court with a synopsis of appellant's criminal activity. The State advised the trial court that, on November 11, 2006, appellant was arrested for a minor offense involving a disruption of the peace and was transported to the jail. The arresting officers later discovered that appellant was in possession of more than a bulk amount of cocaine. However, charges were not filed pending the crime lab's testing of the alleged drugs. In the meantime, the appellant was released on bond.
 {¶ 24} On December 8, 2006, and December 11, 2006, appellant engaged in the sale of cocaine but the ensuing charges were amended to possession of cocaine. On December 13, 2006, appellant dove out of a second story window when the police were executing a search warrant at a suspected drug house. Appellant was believed to be the ring leader of the crack house which engaged in drug operations on the weekends. At the time of the sentencing hearing, appellant was also under indictment in Franklin County for drug possession charges. (Transcript of Sentencing Hearing at pages 27-29). *Page 8 
 {¶ 25} After considering the statements by both the State and the appellant the trial court stated as follows:
 {¶ 26} "The court is required under Ohio law in an adult felony case to follow the terms and provisions in Chapter 2929 of the Ohio Revised Code. In addition, there is a Supreme Court of Ohio decision that gave Courts guidance in adult felony cases of approximately a little over a year ago, February of 2006. The name of that case is State versusFoster. There have been a few cases after that case that also discusses adult felony sentencing. The Court is required to follow all of the law and it will, in these two cases. * * * The Court has imposed these sentences, again, consistent with Ohio Revised Code Chapter 2929, and the court is mindful of the overall purposes and principles of sentencing, which are to punish offenders and protect the public from future crime, not only from you, but from other people who are in similar situations. * * *drugs are really harmful to people. Even possession of drugs, participating in the support of the drug community. There's a lot of offenses that we have that come through here that are maybe not drug offenses, but they're related to drugs, people committing offenses, forgeries, robberies, burglaries things like that to get drug money. And people can really get hurt. And not the defendants but innocent people can really get hurt, Mr. Wettee, by the people's use of drugs." (Transcript of Sentencing Hearing at pages 40-47.)
 {¶ 27} In the trial court's sentencing entry for case number 2006CR457, the trial court states as follows: "The Court after considering all mitigating factors and the aggravating factors find that the aggravating factors outweigh the mitigating factors. The Court further finds after considering all the factors listed in Section 2929.11 and 2929.12 that the overriding purposes of felony sentencing will only be achieved by *Page 9 
incarcerating the Defendant in order to protect the public from future crime by the Defendant and others and to punish the Defendant. The Court further finds that incarceration is reasonably calculated to achieve the two overriding purposes of section R.C. 2929.11." The court further advised the appellant regarding post release control. (Sentencing Entry filed March 21, 2007).
 {¶ 28} In the trial court's sentencing entry for case number 2007CR068, the trial court stated, "[t]he court has considered the record, oral statements, any victim statement, and pre-sentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12." The court further advised appellant regarding post release control. (Sentencing Entry filed March 21, 2007).
 {¶ 29} Pursuant to R.C. 2929.14, the sentencing range for a fourth degree felony is a prison term of either six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. See R.C. 2929.14(A)(4). In the case sub judice, on counts three and four, the fourth degree felony offenses in Case Number 2006CR457, appellant was sentenced to a fifteen (15) and nine (9) month term of imprisonment. On the single count fourth degree felony offense in Case Number 2007CR68, appellant was sentenced to serve a seven (7) month prison sentence. These sentences were ordered to be served consecutively for an aggregate thirty-one (31) month consecutive term of imprisonment.
 {¶ 30} Upon review we find that the trial court's sentencing on the fourth degree felony offenses in both cases is in compliance with applicable rules and sentencing *Page 10 
statutes. The sentences were within the statutory sentencing ranges. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentences are not clearly and convincingly contrary to law.
 {¶ 31} Having determined that the sentences are not contrary to law we must now review the sentences pursuant to an abuse of discretion standard. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 32} In this case, the record reflects that the appellant was a suspected ring leader of a crack house who was charged with felony cocaine possession in another county and managed to accumulate five felony drug charges in Fairfield County within a period of five weeks. Upon review, we find that the trial court decision to impose an aggregate consecutive sentence of thirty-one (31) months for appellant's fourth degree felony offenses was not unreasonable, arbitrary or unconscionable. Therefore, we find that the trial court did not abuse its discretion in determining that the consecutive sentences properly satisfy the overriding principles and purposes of Ohio's sentencing structure.
 {¶ 33} Appellant further argues that his sentences are contrary to law because it is harsher than for similarly situated defendants in Fairfield County. In support, appellant gives this court a thorough history of numerous cases in Fairfield County. However, it does not appear that the appellant presented this information to the trial *Page 11 
court prior to sentencing. Therefore, we find that the appellant has waived the opportunity to argue a disparity in sentencing on appeal.State v. Childs (1968), 14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus (stating the general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court"); State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, syllabus (holding failure to raise at the trial court level a constitutional issue apparent at the time of trial waives such issue and need not be heard for the first time on appeal). See also State v. Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E. 2d 640. ("[a]ppellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed"). *Page 12 
 {¶ 34} For theses reasons, we find that the sentences imposed by the trial court were not contrary to law and that the trial court did not abuse its discretion in imposing the consecutive sentences. Accordingly, appellant's assignment of error is not well taken and is hereby overruled.
 {¶ 35} The judgment of the Fairfield County Court of Common Pleas is hereby affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] "[P}ursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender. The court must also consider the seriousness and recidivism factors under R.C. 2929.12." State v. Murray, Lake App. No. 2007-L-098,2007-Ohio-6733, paragraph 18, citing R.C. 2929.11(A) *Page 1