OPINION *Page 2 
{¶ 1} In this case, the appellant appeals his sentence as being contrary to law. Appellant argues that pursuant to R.C. 2929.14, the trial court can not impose a maximum sentence by simply finding that anything less would demean the seriousness of the offense, where a maximum sentence is not otherwise supported by the record.
 STATEMENT OF FACTS AND CASE {¶ 2} On February 9, 2007, the Delaware County Grand Jury indicted the appellant on two counts of nonsupport or contributing to non-support of dependents in violation of R.C. 2919.21(A)(2) and 2919.21(B), felonies of the fifth degree.
 {¶ 3} On August 9, 2007, appellant pleaded guilty to one count of non-support of dependents. Upon motion by the State, the second count of non-support of dependents was dismissed. Sentencing was deferred pending a pre-sentence investigation (PSI) by the Adult Parole Authority.
 {¶ 4} On September 28, 2007, appellant failed to appear for sentencing and a warrant was issued for his arrest. The warrant was executed on October 25, 2007.
 {¶ 5} On October 31, 2007, appellant now in custody, appeared for sentencing. The State and counsel for the appellant were afforded an opportunity to review the PSI, were afforded the opportunity to make any corrections or additions to the PSI and had no objections to the contents of the report. The trial court then considered the factual background of the case, the PSI, the defendant's statements, the two overriding purposes of sentencing set forth R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. The court then sentenced the appellant to serve a *Page 3 
maximum twelve month sentence for his conviction on one count of non-support of dependents.
 {¶ 6} It is from this judgment that appellant now seeks to appeal the imposition of a maximum twelve month sentence setting forth the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO MAXIMUM PRISON TERM."
 {¶ 8} In the assignment of error, appellant argues that the imposition of the maximum sentence of twelve months for his conviction on a fifth degree felony is contrary to law. Appellant argues that, pursuant to the factors set forth in R.C. 2929.11 and 2929.12, the maximum sentence is not supported by clear and convincing evidence.
 {¶ 9} In his brief, appellant urges this court to apply a clear and convincing standard to appellant's maximum sentence as set forth in R.C. 2953.08(G)(2).
 {¶ 10} R.C. 2953.08(G)(2) states in pertinent part as follows:
 {¶ 11} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: *Page 4 
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14 or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law."
 {¶ 15} Recently in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124, the Ohio Supreme Court reviewed its decision inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing.
 {¶ 16} In Kalish, the Court discussed the affect of theFoster decision on felony sentencing. The Court stated that, inFoster, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Kalish at paragraphs 1 and 11, citing Foster at paragraph 100, See also,State v. Payne, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E. 2d 306. "Thus, a record after Foster may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." Kalish at paragraph 12. However, althoughFoster eliminated mandatory judicial fact finding, it left in tact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. Kalish at paragraph 13, see also State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.[1] *Page 5 
 {¶ 17} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Kalish at paragraph 14.
 {¶ 18} Therefore, Kalish holds that, in reviewing felony sentences and applying Foster to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." Kalish at paragraph 4,State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470.
 {¶ 19} The Supreme Court held, in Kalish, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." Kalish at paragraph 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was *Page 6 
"nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable". Kalish at paragraph 20.
 {¶ 20} In the case sub judice, during the sentencing hearing, the trial court recognized that the appellant had failed to appear for his sentencing hearing on September 28, 2007, and was appearing before the court for sentencing after being taken into custody pursuant to an arrest warrant for failure to appear. Prior to sentencing, both the State and counsel for the appellant reviewed the PSI and did not object to the content of the report. The court stated that it would "consider the facts, as set forth in the PSI." The court also considered an updated report from the child support enforcement agency which indicated that as of October 31, 2007, the appellant had a total arrearage of $14,806.71 and that appellant's last payment was on June 7, 2006.
 {¶ 21} After considering the PSI and child support report, the court stated as follows: "I can see absolutely no way that I can find you amenable to community control sanctions today* * * *. Not only have you failed to make payments, you've not gotten a job, and you failed to appear twice." (Transcript of Sentencing Hearing, Page 5, hereinafter T.). The court also stated, "based upon all of the sentencing factors, the court finds this to be one of the worst cases I have seen because you made no effort in this Court's opinion to comply." T.6.
 {¶ 22} In the judgment entry of conviction and sentence filed on November 5, 2008, the trial court stated as follows:
 {¶ 23} "Having considered the factual background of this case, the negotiations conducted in this case, the Pre-sentence Report prepared by the Ohio Adult Parole Authority, the Defendant's statement and having considered the two overriding *Page 7 
purposes of felony sentencing set forth in Section 2929.11 of the Ohio Revised Code, and having considered the seriousness and recidivism factors set forth in Section 2929.12 of the Ohio Revised Code, which the Court considered to be advisory only, the Court makes the following Findings:
 {¶ 24} "1. Defendant is not employed.
 {¶ 25} "2. Defendant has made no child support payments.
 {¶ 26} "3. Defendant has made no effort to comply with the conditions of pretrial supervision.
 {¶ 27} "4. Defendant failed to appear for Sentencing September 28, 2007."
 {¶ 28} The court also advised appellant regarding post-release control. (Sentencing Entry filed on November 5, 2007).
 {¶ 29} The trial court sentenced the appellant to serve a maximum twelve month sentence for one count of nonsupport of dependents in violation of R.C. 2919.21, a fifth degree felony.
 {¶ 30} Pursuant to R.C. 2929.14, the sentencing range for a fifth degree felony is six, seven, eight, nine, ten, eleven or twelve months. Appellant was sentenced to serve a twelve month term of incarceration for one count of nonsupport of dependents in violation of R.C. 2919.21.
 {¶ 31} Upon review, we do not find that appellant's sentence was either contrary to law and/or an abuse of discretion. The trial court's sentencing on the fifth degree felony offense was within the statutory sentencing ranges. Furthermore, we find that the record reflects that the trial court considered the purposes and principles of sentencing *Page 8 
as required in Section 2929.11 and the seriousness and recidivism factors of 2929.12 of the Ohio Revised Code.
 {¶ 32} Furthermore, it is apparent that the trial court carefully considered the circumstances surrounding the offense before imposing a maximum sentence. The record before the trial court reflects that the appellant owed arrearages in the amount of $14,806.71 since his last payment in June of 2006. Appellant had no job and had failed to make any effort to provide support for his children. Furthermore, appellant had failed to appear in the matter on two separate occasions, one of which was his sentencing hearing.
 {¶ 33} For theses reasons, we find that the sentence imposed by the trial court was not contrary to law and that the trial court did not abuse its discretion. *Page 9 
 {¶ 34} Accordingly, appellant's assignment of error is not well taken and is hereby overruled.
 {¶ 35} The judgment of the Delaware County Court of Common Pleas is hereby affirmed.
 By: Edwards, J. Farmer, P.J. and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] "[P}ursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender. The court must also consider the seriousness and recidivism factors under R.C. 2929.12." State v. Murray, Lake App. No. 2007-L-098,2007-Ohio-6733, paragraph 18, citing R.C. 2929.11(A) *Page 1