OPINION *Page 2 
{¶ 1} Appellant appeals the imposition of consecutive sentences on three counts of endangering children. Appellant argues that the three consecutive sentences, which amounts to a thirteen year period of incarceration, is contrary to law in that is does not conform to the purposes and principles of sentencing as set forth in R.C. 2929.11 and2929.12 and is unconstitutional cruel and unusual punishment.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant was charged with three counts of endangering children in violation of R.C. 2919.22(A), third degree felonies[1], two counts of permitting child abuse in violation of R.C. 2903.15(A), third degree felonies, and two counts of involuntary manslaughter in violation of R.C. 2903.04, first degree felonies. The endangering children charges essentially alleged that the appellant failed to prevent her live-in boyfriend, Ray Tone Wilson, from physically abusing her child, Nicholas, whose date of birth is December 28, 2005, and that appellant had physically restrained the child in an abusive manner.
 {¶ 3} On June 12, 2007, the trial court held a plea hearing. At the hearing, Officer Radabaugh of the Delaware City Police Department made a sworn statement of the evidence, and the appellant entered an Alford plea to the three child endangering charges.
 {¶ 4} In the sworn statement of the evidence, Officer Radabaugh testified that on December 12, 2006, he initiated an investigation of the circumstances which brought Nicholas Goodrich Jr., to the Emergency Room. Officer Radabaugh testified that had *Page 3 
the matter proceeded to trial, the evidence would have shown that when Nicholas arrived at the emergency room he was unresponsive and that efforts to revive the child were unsuccessful.
 {¶ 5} Officer Radabaugh testified that, when Nicholas arrived at the emergency room, the hospital staff described his head as being "spongy, boggy and soft." The officer testified that Nicholas was diagnosed as suffering from severe swelling and bruising to his head. Nicholas' right eye was swollen shut, there was bruising to both sides of his throat and a bruise around his anus and scrotum. (Transcript of Plea Hearing at page 29, hereinafter T.). The officer testified that the coroner determined that the cause of death was "due to cardio-respiratory arrest, due to brain swelling, due to bilateral acute subdural hemorrhage, due to blunt force trauma". T.28.
 {¶ 6} The officer testified that Ray Tone Wilson admitted to picking up Nicholas by the throat and throwing him in an effort to make him stop crying while Wilson was playing a video game.
 {¶ 7} The officer testified that during his investigation he discovered that Nicholas had suffered numerous injuries in the past. The officer testified that the appellant had knowledge of the injuries and had failed to protect the child. The officer stated that Bonita Todd would have testified that Ray Wilson told her that the reason the appellant did not enroll Nicholas in daycare was because Children's Services "would get on them" about the bruising. T.30. The officer stated that Todd would have testified that she had contacted Franklin County Children's Service on two occasions. The officer testified that other witnesses, including Tabitah Draughton, Karianne Wyrick, Gloria Vujaklija and Atlanta Haool, would have testified that they had observed Nicholas with *Page 4 
multiple bruises to his face and head on several separate occasions from November 1, 2006, until December 12, 2006. The officer stated that the individuals had confronted the appellant about the injuries, but that the appellant would keep the child's bruises covered and always gave excuses for the multiple incidents of bruising. The officer testified that there was no evidence that the appellant had ever taken Nicholas for medical treatment for the injuries.
 {¶ 8} The officer testified that the evidence would have shown that the appellant had left the child alone at home in a crib on numerous occasions for long hours while she went to appellant work. The officer stated that this physical restraint was sufficient to support the child endangering charge.
 {¶ 9} After the sworn testimony, the court accepted appellant'sAlford plea to three counts of endangering children. The State voluntarily dismissed the remaining charges. Sentencing was deferred pending a pre-sentence investigation (PSI) by the Adult Parole Authority. Appellant was also ordered to undergo a mental health evaluation at Netcare Access Corporation.
 {¶ 10} On October 11, 2007, the trial court held appellant's sentencing hearing. At the sentencing hearing, the State and counsel for appellant reviewed appellant's PSI. There was no objection to the facts in the report and the court accepted the facts in the PSI for the purposes of imposing sentence. In determining the appellant's sentence, the trial court also considered appellant's psychological assessment by Netcare, the testimony of Officer Radabaugh at the plea hearing, the coroner's report, as well as sentencing memoranda submitted by both the appellant and the State. Several *Page 5 
witnesses gave statements on behalf of the appellant, including her parents, her pastor and a teacher. Appellant also made a statement on her own behalf.
 {¶ 11} After hearing the statements, the trial court addressed the appellant as follows:
 {¶ 12} "Ms. Ewers, the mental state that is necessary for child endangering is recklessness. Listen carefully: a person acts recklessly when, with heedless indifference to the consequences, she perversely disregards the known risk that her conduct is likely to cause a certain result. A person is reckless with respect to circumstances when with heedless indifference to the consequences, she perversely disregards a known risk that such circumstances are likely to exist.
 {¶ 13} "The record in this case is overwhelming that you absolutely had heedless indifference [to] what was happening to your son from the time you fell in love with Mr. Wilson. The record is very clear that you chose Mr. Wilson over your son. These people that Mr. Radabaugh went through at the time of the plea, there was one, two, three, four, five, six, up to at least six people, you went as far as to move to Franklin County to Delaware County when you were choosing Mr. Wilson over Nicholas. * * *
 {¶ 14} "The court finds very specifically pursuant to Section 2941.25
that each of these counts are separate crimes, separate animus. * * *
 {¶ 15} "It is this court's opinion the gravity of the offense, the fact that you were forewarned, you moved, you cared less, heedless indifference, you shall serve [the sentences] consecutively." (Transcript of Sentencing Hearing pages 38-41).
 {¶ 16} Thereafter, the trial court sentenced appellant to serve four years on two of the child endangering charges and five years on the remaining child endangering *Page 6 
charge. The trial court further ordered the sentences to run consecutively for an aggregate thirteen year sentence.
 {¶ 17} On October 11, 2007, the trial court filed a "Judgment Entry of Sentence." In the judgment entry the trial court stated as follows:
 {¶ 18} "Having considered the factual background of this case, the negotiations conducted in this case, the Pre-Sentence Report prepared by the Ohio Adult Parole Authority, the Defendant's counsel's statement, the Assistant Prosecuting Attorney's statement, the Defendant's statement and, having considered the two overriding purposes of felony sentencing set forth in Section 2929.11 of the Ohio Revised Code, and having considered the seriousness and recidivism factors set forth in Section 2929.12 of the Ohio Revised Code, which the court considers to be advisory only. The Court further finds that all three counts are separate and distinct crimes under Section 2945.25 of the Ohio Revised Code and that each has a separate animus."
 {¶ 19} It is from this judgment of conviction and sentence that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 20} "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES TOTALING THIRTEEN YEARS IS CONTRARY TO LAW.
 {¶ 21} "II. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES TOTALING THIRTEEN YEARS IS CRUEL AND UNUSUAL PUNISHMENT."
 I {¶ 22} In the first assignment of error, the appellant argues that the imposition of consecutive sentences for her conviction on three counts of felony child endangering is *Page 7 
contrary to law. Appellant further argues that, pursuant to the factors set forth in R.C. 2929.11 and 2929.12, the consecutive aggregate sentence of thirteen years is not supported by clear and convincing evidence.
 {¶ 23} Specifically, appellant's argument has three parts as follows:
 {¶ 24} The consecutive, aggregate sentence of thirteen years is not commensurate with the seriousness of the appellant's conduct and her likelihood of recidivism;
 {¶ 25} The consecutive, aggregate sentence of thirteen years imposes an unnecessary burden on state and local government resources; and,
 {¶ 26} The consecutive aggregate sentence of thirteen years is contrary to the principle and purposes of sentencing because it does not protect the public from future crime, is harsher than necessary to punish the appellant and is not consistent with sentences imposed for similar crimes.
 {¶ 27} In her brief, appellant urges this Court to apply a clear and convincing standard to appellant's consecutive sentences as set forth in R.C. 2953.08(G)(2).
 {¶ 28} R.C. 2953.08(G)(2) states in pertinent part as follows:
 {¶ 29} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 30} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court *Page 8 
may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 31} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14 or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 32} "(b) That the sentence is otherwise contrary to law."
 {¶ 33} Recently in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124, the Ohio Supreme Court reviewed its decision inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing.
 {¶ 34} In Kalish, the Court discussed the affect of theFoster decision on felony sentencing. The Court stated that, inFoster, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Kalish at paragraphs 1 and 11, citing Foster at paragraph 100, See also,State v. Payne, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E. 2d 306. "Thus, a record after Foster may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." Kalish at paragraph 12. However, althoughFoster eliminated mandatory judicial fact finding, it left in tact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. Kalish at paragraph 13, see also State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.[2] *Page 9 
 {¶ 35} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Kalish at paragraph 14.
 {¶ 36} Therefore, Kalish holds that, in reviewing felony sentences and applying Foster to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." Kalish at paragraph 4,State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470.
 {¶ 37} The Supreme Court held, in Kalish, that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." Kalish at paragraph 18. The Court further held that the trial court "gave careful and *Page 10 
substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable".Kalish at paragraph 20.
 {¶ 38} In the case sub judice, appellant pleaded to, and was sentenced for, three counts of third degree felony child endangering. The sentencing ranges for a third degree felony offense are one, two, three, four, or five years. The trial court sentenced the appellant to serve four years on two of the counts of child endangering and five years on one count of child endangering. As such, the trial court's sentence on each individual charge fell within the applicable sentencing ranges for third degree felonies.
 {¶ 39} Furthermore, the court did state that it had considered the appellant's PSI, appellant's psychological assessment by Netcare, the testimony of Officer Radabaugh at the plea hearing, the coroner's report and appellant's sentencing memorandum. The trial court also considered the statements by several witnesses on the appellant's behalf as well as the appellant's statement. The court further stated in the judgment of sentence that it had considered the purposes and principles of sentencing in R.C. 2929.11 and the factors set forth in R.C. 2929.12. Although the trial court is not required to make specific findings, the trial court found that consecutive sentences were warranted by the gravity of the offense and the fact that the appellant was "forewarned" by at least six people about the injuries and the danger to her son could have "cared less", chose Ray Wilson over her son, and exhibited a heedless indifference to her son's safety. The court also advised appellant regarding post-release control. (Sentencing Entry filed on October 11, 2007). *Page 11 
 {¶ 40} During the sentencing hearing, the appellant attempted to appear remorseful and stated, "I regret and I'd like to apologize for being naive, in not seeing my son could have been in harm's way. Had I known there was any kind of problem I would have immediately gotten myself and my son out of that situation." However, after hearing the history of visible, physical evidence of abuse, the people who came forward to question the safety of the child and the appellant's willingness to move from county to county to avoid being investigated for abuse, it is not surprising that the trial court found appellant's self serving statement to be less than credible evidence of remorse. Furthermore, the record reflects that appellant's heedless indifference gave Wilson the opportunity to cause the otherwise preventable death of her child.
 {¶ 41} Upon review, we find that the trial court's sentencing on the third degree felony offenses was neither contrary to law nor an abuse of discretion. The sentences were within the statutory sentencing ranges for the felony offenses and the record reflects that the trial court considered the purposes and principles of sentencing as required by R.C. 2929.11 and 2929.12. Furthermore, it is apparent that the court carefully considered the surrounding circumstances and appellant's actions before imposing consecutive sentences.
 {¶ 42} Appellant further argues that her sentence is contrary to law because it is harsher than similarly situated defendants in Delaware County. In the brief, appellant gives this court the histories of numerous cases in Delaware County. However, it does not appear that the appellant presented this information to the trial court prior to sentencing, therefore, we find that the appellant has waived the opportunity to argue a disparity in sentencing on appeal. State v.Childs (1968), 14 Ohio St.2d 56, *Page 12 236 N.E.2d 545, paragraph three of the syllabus (stating the general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court").
 {¶ 43} For these reasons, we find that the sentence imposed by the trial court was not contrary to law and that the trial court did not abuse its discretion in imposing consecutive sentences.
 {¶ 44} Accordingly, appellant's first assignment of error is hereby overruled.
 II {¶ 45} In the second assignment of error, the appellant argues that the consecutive sentence imposed by the trial court is disproportionate to the crimes which were committed and, therefore, the sentence is an unconstitutional infliction of cruel and unusual punishment. Eighth Amendment to the United State's Constitution and Section 9, Article I of the Ohio Constitution.
 {¶ 46} Appellant failed to raise this alleged constitutional error before the trial court at the time of sentencing. It could be argued that for this reason the error is waived. State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, syllabus (holding failure to raise at the trial court level a constitutional issue apparent at the time of trial waives such issue and need not be heard for the first time on appeal). See also State v. Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E. 2d 640. ("[a]ppellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed").
 {¶ 47} However, in determining whether a sentence amounts to cruel and unusual punishment this Court must consider whether the sentence is so *Page 13 
disproportionate as to shock the moral sense of the community.McDougal v. Maxwell (1964), 1 Ohio St.2d 68, 203 N.E. 2d 334. "Generally, a sentence within the statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." State v. Arnder, 5th Dist. No. 2001 AP 08 0073, 2002-Ohio-2860. Furthermore, a severe sentence within the permitted statutory range is not prohibited by the Eighth Amendment.State v. Weitbrecht (1999), 86 Ohio St. 3d 368, 373, 715 N.E. 2d 167.
 {¶ 48} In the case sub judice, the sentences for each count of child endangering are within the permissible statutory range for a third degree felony. The most severe consecutive sentence which could have been imposed was an aggregate fifteen year sentence. The trial court chose a lesser option by imposing an aggregate thirteen year sentence. Furthermore, it appears that the trial court believed that appellant's actions in permitting her child to be at risk for serious physical abuse, which led to her son's severe head injury and death, was behavior that was worthy of a more severe penalty within the available sentencing range. For these reasons, we do not find that the sentence imposed by the trial court was so disproportionate as to shock the moral sense of the community. *Page 14 
 {¶ 49} Accordingly, appellant's second assignment of error is hereby overruled.
 {¶ 50} The judgment of the Delaware County Court of Common Pleas is hereby affirmed.
 Edwards, J. Farmer, P.J. and Delaney, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] On May 4, 2007, appellant was indicted by the Delaware County Grand jury on two counts of endangering children. On June 12, 2007, appellant was served with a bill of information for one count of endangering children and waived prosecution by indictment.
[2] "[P}ursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender. The court must also consider the seriousness and recidivism factors under R.C. 2929.12." State v. Murray, Lake App. No. 2007-L-098,2007-Ohio-6733, paragraph 18, citing R.C. 2929.11(A). *Page 1