[Cite as *State v. Ewers*, 2011-Ohio-6540.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| v. | : |  |
|  | : | Case No. 2011-CAA-05-0040 |
| RACHEL J. EWERS | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Criminal appeal from the Delaware County
                           Court of Common Pleas, Case No. 07-CR-
                           I-05-258 and 07-CR-I-06-323

JUDGMENT:                  Reversed and Remanded

DATE OF JUDGMENT ENTRY:    December 15, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CAROL HAMILTON O'BRIEN              O. ROSS LONG
BRIAN J. WALTER                     125 North Sandusky Street
Delaware County Prosecutor's Office Delaware, OH 43015
140 North Sandusky Street
Delaware, OH 43015

*Gwin, P.J.*

{¶ 1} Plaintiff-appellant the State of Ohio appeals the April 6, 2011 Judgment Entry of the Delaware County Court of Common Pleas reducing appellee Rachel Ewers prison sentence upon re-sentencing to impose statutorily mandated post-release control.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On June 12, 2007, appellee entered guilty pleas on three counts of endangering children, felonies of the third degree in violation of Section 2919.22(B)(3) of the Ohio Revised Code.[1]

{¶ 3} On October 11, 2007, the court imposed sentence on all three counts. Appellee was sentenced to a stated prison term of four (4) years on the first count, five (5) years on the second count and four (4) years on the third count. The court ordered these sentences to run consecutive to each other for a total of thirteen (13) years in prison.

{¶ 4} At the time of the original sentencing on October 11, 2007, the court advised appellee that as part of the sentence, post-release control might be imposed for up to three years.

{¶ 5} A direct appeal of the sentence was then filed and the appeal was taken to the Fifth District Court of Appeals. *State v. Ewers,* Delaware App. No. 07-CA-A 100053, 2009-Ohio-22. Appellee raised two assignments of error. In the first assignment of error, the appellee argued that the imposition of consecutive sentences for her conviction on

---

[1] A Statement of the Facts underlying appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellee's assignment of error shall be contained therein.

three counts of felony child endangering is contrary to law. Id. at ¶22. In the second assignment of error, the appellee argues that the consecutive sentence imposed by the trial court is disproportionate to the crimes, which were committed, and, therefore, the sentence is an unconstitutional infliction of cruel and unusual punishment. Eighth Amendment to the United State's Constitution and Section 9, Article I of the Ohio Constitution. Id. at ¶45. On appeal, this court affirmed the sentence of the trial court.

{¶ 6} On July 15, 2010, the trial court filed a "Nunc Pro Tunc Judgment Entry On Sentence" to comply with *State v. Baker,* 119 Ohio St.3d 1197. In the later entry, the trial court also corrected a part of its original sentence to specify appellee shall be subject to a mandatory period of post-release control of three years. See, *State v. Ewers*, Delaware App. No. 10CAA090081, 2011-Ohio-1354 at ¶2. Thereafter, appellee filed a Motion to Restore Resentencing and Motion for Jail Time Credit. The trial court denied said motion via Judgment Entry filed September 17, 2010, and stated therein the basis of its amended entry dated July 15, 2010, regarding post-release control was to comply with R.C. 2929.191(A)(1). Id. Thereafter, the trial court entered its Second Nunc Pro Tunc Judgment Entry On Sentence. Appellee appealed arguing that the trial court erred in resentencing her pursuant to R.C. 2929.191(A)(1) rather than conducting a de novo resentencing hearing as provided in R.C. 2929.191(C). The State conceded the error and this court reversed the trial court's decision and matter remanded for resentencing. Id.

{¶ 7} On April 4, 2011, the trial court held a re-sentencing hearing. The State of Ohio, in its Response to Defendant's Re-sentencing Memorandum filed on April 1, 2011, took the position that the re-sentencing hearing was limited solely to the issue of

the proper imposition of post-release control and that the court could not reconsider the defendant's original sentence. At this hearing, the court heard from several additional witnesses on appellant's behalf.

{¶ 8} After conducting the hearing, the court re-sentenced the appellee to a stated prison term of three (3) years on the first count, four (4) years on the second count and three years on the third charge. These sentences were to be run consecutive to each other, for a total of ten (10) years in prison. Thus, the appellee's original sentence from October 11, 2007 was reduced by three years.

{¶ 9} The State of Ohio filed its timely notice of appeal in this instant case, raising as its sole assignment of error,

{¶ 10} "I. THE DEFENDANT'S RE-SENTENCING HEARING WAS LIMITED SOLELY TO THE ISSUE OF THE PROPER IMPOSITION OF POST-RELEASE CONTROL AND THE TRIAL COURT WAS NOT PERMITTED TO RECONSIDER THE DEFENDANT'S ORIGINAL SENTENCE."

I.

{¶ 11} On October 11, 2007, appellee was sentenced to thirteen years in prison. On March 21, 2011, this Court remanded the case back to the trial court for re-sentencing based solely on the fact that post-release controls were improperly imposed at the time of sentencing. On April 4, 2011, the trial court conducted a re-sentencing hearing and reduced the original sentence of the court by three years. The state argues that the trial court was without authority to reduce appellee's prison sentence after this court's remand. We agree.

**{¶ 12}** Pursuant to *State v. Fischer,* 128 Ohio St. 3d 92, 2010– Ohio–6238, the scope of the re-sentencing hearing was limited to the proper imposition of post-release control. In *Fischer,* the Supreme Court of Ohio held that when a defendant receives a sentence that does not properly include post-release control, "that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more." *Fischer* at ¶ 26. (Emphasis sic.) Thus, the Supreme Court modified its earlier decision in *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961 to clarify that "only the offending portion of the sentence is subject to review and correction." *Fischer* at ¶ 27. Pursuant to *Fischer,* "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post-release control." *Fischer* at paragraph two of the syllabus. The *Fischer* court reasoned, "the post-release-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the post-release control." Id. at ¶ 17. Thus, "only the postrelease-control aspect of the sentence * * * is void and * * * must be rectified," and "[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." Id. Thus, the trial court was not authorized to reduce the appellee's original sentence.

**{¶ 13}** Appellant's sole Assignment of Error is sustained.

{¶ 14} The judgment of the Delaware County Court of Common Pleas is reversed and this case is remanded for proceedings in accordance with our opinion and the law.


By Gwin, P.J.,

Wise, J., and

Delaney, J., concur


_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

WSG:clw 1123                                    _____
HON. PATRICIA A. DELANEY

[Cite as *State v. Ewers*, 2011-Ohio-6540.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :

          Plaintiff-Appellant         :

                                          :

-vs-                                   :        JUDGMENT ENTRY

RACHEL J. EWERS                        :

          Defendant-Appellee          :        CASE NO. 2011-CAA-05-0040

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is reversed and this case is remanded for proceedings in accordance with our opinion and the law.  Costs to appellee.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY